No. 25-1411

I<small>N</small> T<small>HE</small>

# United States Court of Appeals for the Fourth Circuit

A<small>MERICAN</small> F<small>EDERATION OF</small> S<small>TATE</small>, C<small>OUNTY AND</small> M<small>UNICIPAL</small> E<small>MPLOYEES</small>, AFL-CIO, <small>ET AL</small>.,

*Plaintiffs-Appellees*,

v.

S<small>OCIAL</small> S<small>ECURITY</small> A<small>DMINISTRATION</small>, <small>ET AL</small>.,

*Defendants-Appellants*.

On Appeal from the U.S. District Court
for the District of Maryland
Case No. 1:25-cv-00596

**EMERGENCY MOTION FOR EXTENSION OF TIME TO RESPOND TO PENDING STAY MOTION**

Mark B. Samburg
D<small>EMOCRACY FORWARD</small> F<small>OUNDATION</small>
P.O. Box. 34553
(202) 448-9090
msamburg@democracyforward.org

*Counsel for Plaintiffs-Appellees*

*Additional counsel on signature page.*

## ARGUMENT

Plaintiffs-Appellees respectfully request a short extension of time to respond to the government's Motion for Stay Pending Appeal and Administrative Stay until 3 pm on Wednesday, April 23, 2025. This would give Plaintiffs-Appellees a total of five days to respond to the motion, only half the typical time given to respond to motions set out in Federal Rule of Appellate Procedure 27(a)(3)(A).[1]

The district court carefully considered this court's decision in *Am. Fed'n of Teachers v. Bessent*, No. 25-1282, Dkt. 17, 2025 WL1023638 (4th Cir. April 7, 2025), and explained at length in its detailed 148-page opinion why "this case differs markedly from *Bessent*, in several important respects." ADD13. The government blithely asserts that this case is "exactly" the same, but does not engage with the district court's careful analysis of the differences.

As the district court and all parties acknowledge, *Bessent* needs to be analyzed to assess its impact on this case. With two extra days, Plaintiffs-Appellees will be better able to provide this Court with thorough briefing on why the government's interpretation of this case is wrong. Plaintiffs-Appellees are due to file a stay opposition in the district court tomorrow, Saturday, April 19. In addition, they have engaged appellate specialists to serve as co-counsel for this appeal, who need additional time to get up to speed on the background and issues here.

---

[1] Plaintiffs-Appellees contacted counsel for Defendants-Appellants before filing this motion; Defendants-Appellants oppose the motion.

Importantly, there is no indication the government will suffer irreparable harm (or indeed, any harm) by allowing two days for fuller briefing, particularly since a temporary injunction has been in place in this case for nearly a month and, as Defendant Dudek noted during a telephone conference before the district court, the projects Defendants seek to pursue at the Social Security Administration are "work [SSA has] never gotten around to as an agency," ECF 73 (Tr., 3/27/25), at 10. By contrast, lifting the injunction could cause the very harms the district court determined would be irreparable. ADD 152.

## CONCLUSION

For the foregoing reasons, Plaintiffs-Appellants respectfully request that the Court grant this motion.

| | |
|---|---|
| Dated: April 18, 2025 | Respectfully submitted, |
| | */s/ Mark B. Samburg*<br>Mark B. Samburg<br>Alethea Anne Swift<br>Emma R. Leibowitz<br>Robin F. Thurston<br>**DEMOCRACY FORWARD FOUNDATION**<br>P.O. Box 34553<br>Washington, DC 20043<br>(202) 448-9090<br>msamburg@democracyforward.org<br>aswift@democracyforward.org<br>eleibowitz@democracyforward.org<br>rthurston@democracyforward.org<br><br>*Counsel for Plaintiffs-Appellees* |

## CERTIFICATE OF COMPLIANCE

I certify that this document complies with the world limit of Fed. R. App. P. 27(d)(2)(A) because it contains 350 words. This motion was prepared using Microsoft Word in Times New Roman, 14-point font, a proportionally spaced typeface.

>/s/ Mark B. Samburg<br>
>*Counsel for Plaintiffs-Appellants*