

**U.S. Department of Justice**
Civil Division, Appellate Staff
950 Pennsylvania Ave. NW, Rm. 7515
Washington, DC 20530

Tel: (202) 514-8877

April 23, 2025

Nwamaka Anowi
Clerk of the Court
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, Virginia 23219

      Re:    *American Federation of State County and Municipal Employees, AFL-CIO, et al. v. Social Security Administration, et al.*, No. 25-1411

Dear Ms. Anowi:

      On April 18, 2025, the government filed a motion for a stay pending appeal in this Court. In that motion, the government alerted the Court that, in accordance with Federal Rule of Appellate Procedure 8, it had filed a motion for a stay pending appeal in district court but that the district court had not yet acted on it. Docket No. 6, at 5-6. The government submits this notice to inform the Court that the district court denied the government's stay motion last night. The district court's decision is attached to this letter as Exhibit A.

                                                    Sincerely,
                                                    /s/ *Jack Starcher*
                                                    Jack Starcher

cc:    All counsel by ECF

# **CERTIFICATE OF SERVICE**

   I hereby certify that on April 23, 2025, I electronically filed the foregoing letter with the Clerk of the Court by using the appellate CM/ECF system. Service will be accomplished by the appellate CM/ECF system.

                  /s/ *Jack Starcher*
                  Jack Starcher

Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| AMERICAN FEDERTION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO, *et al.* <br><br> *Plaintiffs*, <br><br> v. <br><br> SOCIAL SECURITY ADMINISTRATION, *et al.* <br><br> *Defendants*. | Civil Action No. ELH-25-0596 |

**MEMORANDUM AND ORDER**

This Memorandum and Order addresses the government's motion to stay this Court's Preliminary Injunction (ECF 146, ECF 147) pending appeal. ECF 149 ("Motion").

The case arises from Executive Order 14,158 and the decision of the Social Security Administration ("SSA" or "Agency") to provide eleven individuals affiliated with the Department of Government Efficiency ("DOGE") with broad access to the SSA records of millions of Americans. These records contain personally identifiable information ("PII").[1]

No hearing is necessary to resolve the Motion. Local Rule 105.6. For the reasons that follow, I shall deny the Motion.

---

[1] As used here, the words "personally identifiable information" or "PII" refer to "information that can be used to distinguish or trace an individual's identity, either alone or when combined with other information that is linked or linkable to a specific individual." OFFICE OF MGMT. & BUDGET, EXEC. OFFICE OF THE PRESIDENT, OMB Circular A-130, *Managing Information as a Strategic Resource* (2016), https://perma.cc/L3CV-M6RF; *see also* ECF 147, ¶ 11(c).

## I. Background[2]

Plaintiffs, two national labor and membership associations and one grassroots advocacy organization, filed suit on February 21, 2025. ECF 1. In an Amended Complaint filed on March 7, 2025 (ECF 17), they named as defendants the Social Security Administration; Leland Dudek, in his official capacity as "purported Acting Commissioner" of the SSA; Michael Russo, in his official capacity as Chief Information Officer of the Agency;[3] Elon Musk, in his official capacity as "Senior Advisor to the President and de facto head of" DOGE; the "U.S. DOGE Service"; the U.S. DOGE Service Temporary Organization; and Amy Gleason, in her official capacity as the DOGE Acting Administrator. *Id.*

I refer to SSA, Dudek, and Russo collectively as the "SSA Defendants." *See* ECF 147, ¶ 1(a). I refer to "U.S. DOGE Service, U.S. DOGE Service Temporary Organization, Elon Musk, and Amy Gleason" collectively as the "DOGE Defendants." *See id.* ¶ 1(b). The term "DOGE Team" refers to "any person assigned to SSA to fulfill the DOGE agenda, including Executive Order 14,158." *See id.* ¶ 11(a). And, the term "DOGE Affiliate" means "any employee, agent, officer, contractor, special government employee, or consultant employed by or affiliated in any way with the Department of Government Efficiency, the United States DOGE Service, the United States DOGE Service Temporary Organization, members of the DOGE Team established at the Social Security Administration; any SSA employee, contractor, special government employee, or consultant working on or implementing the DOGE agenda; anyone who has been granted access by SSA to SSA records for the purpose of implementing the DOGE agenda with respect to SSA;

---

[2] For a more fulsome recitation of the procedural history of this case, I incorporate the relevant portion of this Court's Memorandum Opinion of April 17, 2025, docketed at ECF 146.

[3] Russo has since been replaced. *See* ECF 146 at 6 n.5. But, plaintiffs have not substituted another defendant for him.

2

and any persons working, directly or indirectly, in concert with any of the above individuals[.]" *See id.* ¶ 11(b).

On March 7, 2025, plaintiffs moved for a temporary restraining order ("TRO"). They sought, *inter alia*, to enjoin the Agency from providing DOGE with access to PII maintained in SSA's systems of record. ECF 21; ECF 21-1; ECF 22 (collectively, the "TRO Motion").

By Memorandum Opinion (ECF 49) and Order (ECF 48) of March 20, 2025, I granted the TRO Motion. In part, and subject to certain exceptions, I enjoined the SSA Defendants from providing access to any SSA system of record containing PII to DOGE, the DOGE Team, and/or any DOGE Affiliate. ECF 48, ¶ 1(a). On March 27, 2025, by agreement of the parties (ECF 68), the TRO was extended through April 17, 2025. *See* ECF 69.

In the interim, on March 24, 2025, defendants appealed the TRO to the Fourth Circuit. ECF 57. Then, on March 26, 2025, defendants asked this Court for a stay pending appeal. ECF 60. Several hours later, defendants also moved for a stay in the Fourth Circuit. *See* Case No. 25-1291, Docket Entry No. 5. By Memorandum (ECF 78) and Order (ECF 79) of March 31, 2025, I denied the Motion for Stay. And, on April 1, 2025, the Fourth Circuit dismissed the appeal, for lack of jurisdiction. ECF 81 (Order); ECF 82 (Judgment); ECF 83 (Corrected Order).

Plaintiffs subsequently moved for a Preliminary Injunction on April 4, 2025 (ECF 110, ECF 110-1) ("P.I. Motion"), which defendants opposed. ECF 113 ("P.I. Opposition"). Plaintiffs replied. ECF 122. By Memorandum Opinion (ECF 146) and Order (ECF 147) issued on the evening of April 17, 2025, the Court granted the P.I. Motion and issued a Preliminary Injunction. *See* ECF 147.

Among other things, and subject to certain exceptions, the Preliminary Injunction enjoins the SSA Defendants from providing the DOGE Defendants, the DOGE Team, and DOGE

3

Affiliates with access to any SSA system of record containing PII. *Id.* ¶ 1(a). But, the Order does not preclude SSA from providing members of the SSA DOGE Team with access to redacted or anonymized data of SSA, provided that (a) the persons to whom access is given have completed training and background checks comparable to that which is typically required for SSA employees with such access; (b) inter-agency detailing agreements are completed, where required, for members of the SSA DOGE Team; and (c) all required Agency paperwork is completed. *Id.* ¶ 2.

Notably, the Preliminary Injunction also permits SSA to provide the DOGE Team with access to "discrete, particularized, and non-anonymized" data, provided that SSA complies with the requirements of paragraph 2 of the Preliminary Injunction and SSA obtains a written statement from the DOGE Team member explaining the need for the record and why anonymization is not feasible. *Id.* ¶ 3.

The government filed a notice of appeal to the Fourth Circuit on the night of April 17, 2025. ECF 148. In addition, it filed the Motion in this Court, seeking to stay the Preliminary Injunction, pending appeal. ECF 149. Plaintiffs oppose the Motion. ECF 151 ("Opposition").

On April 18, 2025, defendants moved for a stay in the Fourth Circuit. Case No. 25-1411, Docket Entry No. 6. Plaintiffs' response is due in that Court by 3:00 p.m. on April 23, 2025. *Id.*, Docket Entry No. 10.

## II. Jurisdiction

As noted, as to the Preliminary Injunction (ECF 147), defendants filed a notice of appeal to the Fourth Circuit on April 17, 2025. ECF 148. In general, when a notice of appeal is filed, a trial court is divested of jurisdiction "over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). In *Griggs*, the Supreme Court also said, *id.*: "The filing of a notice of appeal is an event of jurisdictional significance—it confers

jurisdiction on the court of appeals . . . ." Similarly, in *Doe v. Public Citizen*, 749 F.3d 246, 258 (4th Cir. 2014), the Fourth Circuit recognized that, in general, a notice of appeal "transfers jurisdiction of a case to the court of appeals and strips a district court of jurisdiction to rule on any matters involved in the appeal." *See also Fed. Trade Comm'n v. Lin*, 66 F.4th 164, 166 (4th Cir. 2023); *In re GNC Corp.*, 789 F.3d 505, 512 n.5 (4th Cir. 2015).

However, there are "limited exceptions to the general rule that permit district courts to take subsequent action on matters that are collateral to the appeal . . . or to take action that aids the appellate process[.]" *Doe*, 749 F.3d at 258 (citations omitted). The Fourth Circuit has explained that "these exceptions are confined to a narrow class of actions that promote judicial efficiency and facilitate the division of labor between trial and appellate courts." *Id.* (citing cases).

One such exception is set forth in Fed. R. Civ. P. 62(d). It states, in relevant part: "While an appeal is pending from an interlocutory order or final judgment that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights."[4] *See also* 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2904 (3d ed. 2024) (citing cases and explaining that Fed. R. Civ. P. 62(d) authorizes a district court to stay an injunction pending appeal, "even after notice of the appeal has been filed."); *cf.* Fed. R. App. P. 8(a) (requiring a party to move for a stay pending appeal in the district court before the appellate court).

The parties have not addressed the Court's jurisdiction in their submissions. But, in connection with the TRO, both sides agreed that the Court retained jurisdiction to address the

---

[4] When the appellant is the United States or one of its officers or agencies, the "court must not require a bond, obligation, or other security . . . ." Fed. R. Civ. P. 62(e).

government's request for a stay, even though the government had already appealed the TRO, and even though the government also sought a stay pending appeal from the Fourth Circuit. ECF 66 at 3; ECF 70 at 2.

I am satisfied that the Court has jurisdiction to decide the Motion.

### III. Discussion

#### A.

The issuance of a stay pending appeal is "'an exercise of judicial discretion' . . . ." *Nken v. Holder*, 556 U.S. 418, 433 (2009) (citation omitted). "'A stay is not a matter of right, even if irreparable injury might otherwise result.'" *Id.* (citation omitted).

In regard to a request for a stay, courts must consider four factors: "'(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *Id.* at 434 (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)); s*ee also Long v. Robinson*, 432 F.2d 977, 979 (4th Cir. 1970) ("[A] party seeking a stay must show (1) that he will likely prevail on the merits of the appeal, (2) that he will suffer irreparable injury if the stay is denied, (3) that other parties will not be substantially harmed by the stay, and (4) that the public interest will be served by granting the stay."). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken*, 556 U.S. at 433–34 (citing cases).

As the *Nken* Court observed, 556 U.S. at 434, there is "substantial overlap between these [stay factors] and the factors governing preliminary injunctions." In *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7 (2008), the Court said, *id.* at 20: "A plaintiff seeking a preliminary

injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *See also The Real Truth About Obama, Inc. v. FEC*, 575 F.3d 342, 346–47 (4th Cir. 2009) (clarifying that the *Winter* standard replaced the sliding scale approach set forth in *Blackwelder Furniture Co. of Statesville v. Seilig Manufacturing Co.*, 550 F.2d 189 (4th Cir. 1977)).[5]

In *American Federation of Teachers, et al. v. Bessent, et al.*, 2025 WL 1023638 (4th Cir. Apr. 7, 2025), the Fourth Circuit considered the government's motion for a stay pending appeal. In his concurrence, Judge Richardson observed that, to obtain a preliminary injunction, the plaintiff must prevail on all four [*Winter*] factors. *Id.* at *3. Conversely, "[t]o win, the government need only prevail on one of them[.]" *Id.* And, with respect to the government's stay motion, the panel majority in *Bessent* agreed that the government satisfied "the four *Nken* factors . . . ." *Id.* Although the government satisfied all four stay factors in *Bessent*, it is not entirely clear from *Bessent* whether the movant for a stay is required to satisfy all four *Nken* factors or, instead, whether the failure to satisfy even one factor is fatal.[6] Nor did the parties address the issue here.

---

[5] Given the similarity of the standards, some courts have applied the preliminary injunction standard when considering a stay pending appeal. *See, e.g.*, *Coler v. Draper*, WDQ-12-2020, 2012 WL 5267436, at *3 (D. Md. Oct. 23, 2012); *Davis v. Taylor,* No. 2:12–3208–RMG–BM, 2012 WL 6055452, at *3 (D.S.C. Nov. 16, 2012).

[6] Several district courts in this Circuit have said that a movant seeking a stay must satisfy all four factors. *See, e.g.*, *In re Brainard*, No. 22-30656, 2025 WL 399819, at *1 (Bankr. W.D.N.C. Feb. 4, 2025) ("The appellant must show that each of the four prongs is met . . . and the court will not attempt a balancing test among them."); *In re Kaiser Gypsum Co., Inc*., GCM-20-537, 2021 WL 3476138, at *1 (W.D.N.C. Aug. 6, 2021) ("Failure to satisfy any of the four elements warrants denial of the [stay] motion."); *In re Carolina Park Assocs., LLC*, DCN-10-1805, 2010 WL 2756945, at *2 (D.S.C. July 12, 2010) ("Failure to satisfy any of the four factors is sufficient grounds to deny the requested stay."); *but see* Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2594 (5th ed. April 2025 update) (explaining that the "four factors should

In any event, I conclude that the government fails to satisfy all four factors articulated in *Nken*.

**B.**

In the Motion, defendants point out that a panel majority of the Fourth Circuit issued a stay pending appeal in *American Federation of Teachers, et al. v. Bessent, et al.*, DLB-25-0430, 2025 WL 895326 (D. Md. Mar. 24, 2025). ECF 149 at 2 (citing *Bessent*, 2025 WL 1023638). According to the government, *Bessent* and this case involve "substantially identical legal issues." ECF 149 at 2.

I am certainly mindful of the decision of the panel majority in *Bessent*. In my Memorandum Opinion (ECF 146), I endeavored to address distinctions between *Bessent* and this case. *See, e.g.*, *id.* at 7–8, 52, 63–64, 103, 107, 141–42. That the Fourth Circuit has stayed a preliminary injunction in a similar case does not compel the conclusion that defendants are automatically entitled to a stay in this case.

I begin with the government's claim of irreparable harm in the absence of a stay. In analyzing the claim of irreparable harm, it is salient that the Preliminary Injunction does not bar SSA from pursuing the three projects identified by Dudek and referenced in ECF 146. *See id.* at 31. To the contrary, the Preliminary Injunction expressly allows the DOGE Team to access anonymized data. Moreover, it also grants access to non-anonymized data under certain circumstances. ECF 147, ¶¶ 2, 3. As discussed at length in ECF 146, these circumstances include that access is provided to qualified DOGE Team members with an articulated need for the PII, consistent with SSA policies and the Privacy Act.

---

be balanced;[] thus, for example, if the balance of harms tips heavily enough in the stay applicant's favor then the showing of likelihood of success need not be as strong,[] and vice versa.[]").

Notably, at the hearing on the Preliminary Injunction, defense counsel acknowledged that "anonymization [of data] is possible." ECF 143 at 66 (Tr., 4/15/25). However, he claimed that it "is extremely burdensome." *Id.* The Administrative Record also suggests that it is feasible for the work to be done with anonymized data, but it may take longer for the DOGE Team to do so. ECF 86-2 at 5 (considering anonymized data, but concluding that utilizing it would not "enable[] the necessary analysis to continue *at the pace* necessary to respond timely to the fraud and improper-payment-related concerns.") (emphasis added). Inconvenience or delay does not equate to irreparable harm.

It is also noteworthy that, at a telephone hearing held on March 27, 2025, Acting Commissioner indicated that the anti-fraud related efforts of the DOGE Team include "work [SSA has] never gotten around to as an agency . . . ." ECF 73 (Tr., 3/27/25), at 10. In other words, at least some of the projects are not urgent.

If this Court erred in its ruling with regard to the Preliminary Injunction, a denial of a stay, at most, would merely delay or inconvenience the government in its stated effort to undertake the projects discussed in ECF 146. And, as Dudek's comment reflects, the government itself has hardly acted with any urgency. Conversely, if this Court is correct, but the stay is granted, the damage from granting a stay will be done. The PII will become accessible and, "[o]nce the cat is out of the bag, it will be decidedly hard to put it back." *Earley v. Smoot*, 846 F. Supp. 451, 452, (D. Md. 1994).

In this regard, it is obvious that we are now approaching the month of May. To my knowledge, the Fourth Circuit usually does not hear oral arguments during the summer. A review of the Court's website shows that, as of the present time, just one argument is scheduled for the summer months. Therefore, if oral argument is warranted here, the Fourth Circuit may not hear

arguments for this appeal until the fall, at the earliest. This means that, if the stay is granted, the DOGE Team will have access to the PII of plaintiffs' members for many months, during the pendency of the appeal. On the other hand, if the stay is denied, SSA can still do its work under the terms of the Preliminary Injunction. Nor will denial of a stay substantially injure other parties interested in the proceeding.

The Court is aware that, in the government's motion for stay filed in the Fourth Circuit, the government emphasizes that the Preliminary Injunction "comes on the heels of a [TRO], which means that SSA's critical efforts to correct well-documented problems with government technological systems and to combat fraud and waste in federal programs has already been impeded for *nearly a month*." Case No. 25-1411; Docket Entry No. 6 at 3 (emphasis in original). The government should make clear, however, that in a joint status report of March 27, 2025 (ECF 68), the government *agreed* to extend expiration of the TRO until April 17, 2025. *Id.* at 1 ("[I]n accordance with Federal Rule of Civil Procedure 65(b)(2), the parties agree to extend the [TRO], Dkt. 48, through April 17, 2025.").

The public interest also favors denial of the Motion. As previously explained, ECF 146 at 44, "[t]here is generally no public interest in the perpetuation of unlawful agency action." *League of Women Voters of United States v. Newby*, 838 F.3d 1, 12 (D.C. Cir. 2016). On the other hand, there is a substantial public interest "in having governmental agencies abide by the federal laws that govern their existence and operations." *Washington v. Reno*, 35 F.3d 1093, 1103 (6th Cir. 1994); *see also Roe v. Dep't of Def.*, 947 F.3d 207, 230–31 (4th Cir. 2020) (citing with approval the district court's statement that "the public 'undoubtedly has an interest in seeing its governmental institutions follow the law . . . .'"); *HIAS, Inc. v. Trump*, 415 F. Supp. 3d 669, 686

(D. Md. 2020) ("There is . . . a substantial public interest in having governmental agencies abide by federal laws that govern their existence and operations."), *aff'd*, 985 F.3d 309 (4th Cir. 2021).

As to likelihood of success on the merits, defendants rehash the arguments they advanced earlier as to why they are likely to succeed on the issues of standing, final agency action, and the absence of a Privacy Act violation. They make no new arguments as to why they are likely to succeed on the Privacy Act claim, premised on the Administrative Procedures Act ("APA") (Count I), or the arbitrary and capricious claim, also premised on the APA (Count V).

The findings I made that led to the issuance of the Preliminary Injunction are the same factors that lead me to deny the Motion. For the reasons set forth in the Memorandum Opinion (ECF 146), defendants have not "made a strong showing" that they are "likely to succeed on the merits." *Nken*, 556 U.S. at 434; *see Casa de Maryland, Inc. v. Trump*, PWG-19-2715, 2019 WL 7565389, at *2 (D. Md. Nov. 14, 2019) (defendants did not show that they were likely to succeed on the merits when the arguments they raised in support of motion for stay were "precisely those" the court previously rejected).

## IV.  Conclusion

For the foregoing reason, the Motion (ECF 149) is **DENIED**.

Date:   April 22, 2025                                      /s/
                                                            Ellen Lipton Hollander
                                                            United States District Judge