

**U.S. Department of Justice**

Civil Division, Appellate Staff

950 Pennsylvania Ave. NW, Rm. 7515
Washington, DC 20530

Tel: (202) 514-8877

January 26, 2026

Nwamaka Anowi
Clerk of the Court
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, Virginia 23219

Re:    *AFSCME v. SSA*, No. 25-1411 (en banc) (argument held Sept. 11, 2025)

Dear Ms. Anowi:

Defendants write in response to plaintiffs' January 21 letter regarding corrections to the district court record that defendants filed on January 16.  Contrary to plaintiffs' assertion, those corrections do not "bear directly on the issues in this appeal," nor do they "contradict[] or call into doubt" any "representations and arguments" made by defendants before this Court.  As plaintiffs concede, several of the corrections concern compliance with an earlier temporary restraining order and the scope of access certain employees had prior to that restraining order.  Notice I, III, IV.  None of that has any bearing on any issue in this appeal.

One correction discusses a single instance in March 2025 where an SSA employee may have shared personally identifiable information with employees at other federal agencies.  Notice II.  The Notice does not indicate that those employees were even able to access that information.  But in any event, it remains undisputed that the only people covered by the preliminary injunction at issue on appeal—and the only people who SSA provided with access to any agency systems containing sensitive data—were employees of SSA.  *See* Opening Br. 47.  Another correction explains that two SSA DOGE team employees communicated with an outside advocacy group in possible violation of the Hatch Act.  Notice V.  But the Notice does not indicate that those employees shared any SSA data with that group.  Finally, defendants learned that—during a ten-day period in March 2025—members of SSA's DOGE team ran afoul of SSA data security policies by using a private cloud server provider (Cloudflare) to share data.  Notice VI.  But the Notice does not suggest that Cloudflare accessed or viewed any of the data that was shared via its service.

The injunction at issue on appeal enjoins SSA employees from accessing systems maintained and operated by SSA, containing information voluntarily provided to SSA. Nothing in the Notice changes that or calls into question any of the multiple, independently fatal legal problems with that injunction. For all the reasons given in briefing and at argument, this Court must vacate.

Sincerely,

/s/ *Jack Starcher*
Jack Starcher

cc:    All counsel by ECF

## <u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on January 26, 2026, I electronically filed the foregoing letter with the Clerk of the Court by using the appellate CM/ECF system. Service will be accomplished by the appellate CM/ECF system.

<u>/s/ *Jack Starcher*</u>
Jack Starcher